**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYAN PHILWAY, :
: Civil Action No. 06-4254 (KSH)
        Plaintiff, :
:
    v. : **OPINION**
:
DAN SOLOMON SMITH, :
:
        Defendant. :

**APPEARANCES:**

    RYAN PHILWAY, Plaintiff pro se
    #528485/193603C
    River Front State Prison
    P.O. Box 9104
    Camden, New Jersey 08101

**HAYDEN**, District Judge

    Plaintiff Ryan Philway ("Philway"), a state inmate currently confined at the River Front State Prison in Camden, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a claim.

## I. BACKGROUND

The following factual allegations are taken from Philway's Complaint, and are accepted as true for purposes of this review.

Philway asserts that he retained defendant, Dan Solomon Smith, as his private attorney to represent him in a criminal matter in December 2003. Philway states that Smith appeared in court on his behalf several times, but after a while, plaintiff stopped seeing court notices and did not hear from his attorney. Philway later received a court notice for his appearance, but did not go because he assumed his attorney would be present at court. He was arrested on a warrant for failure to appear. Philway was detained for eight months without hearing from his attorney. Smith finally spoke to Philway in jail and told him he needed more money to represent him. The case proceeded to trial and plaintiff was convicted. (Complaint, ¶ 6).

It appears that plaintiff seeks an unspecified amount of damages to compensate him for the time he has spent in prison due to his attorney's ineffective assistance as counsel. (Compl., ¶ 7).

2

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

3

former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.  ANALYSIS

Philway brings this action under 42 U.S.C. § 1983, alleging that defendant Smith violated his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the Court finds that the Complaint fails to state a cognizable claim for relief because the defendant is not a state actor subject to liability under § 1983. Philway admits that Smith is a private attorney he retained to represent him. See Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). However, even if Smith was a public defender, he would not be a state actor subject to § 1983

5

liability. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Moreover, to the extent that Philway might be able to plead facts establishing that Smith was acting under color of state law, the Complaint is subject to dismissal. Philway admits that he has been convicted and it is clear that he is presently incarcerated pursuant to the conviction he claims resulted from his attorney's deficient performance as counsel in his state criminal proceedings. Thus, any claim of ineffective assistance of counsel[1] must first be exhausted via plaintiff's state court

---

[1] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel in his defense." U.S. Const. amend. VI. Without access to counsel, a criminal defendant cannot be guaranteed a fair trial. "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." Strickland v. Washington, 466 U.S. 668, 685 (1984) (citation omitted).
    If a criminal defendant is not represented by counsel at trial or in critical pretrial proceedings and has not competently and intelligently waived his right to counsel, "the Sixth

remedies, *i.e.*, by direct appeal or other available state court review, and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Preiser applies to actions in which a plaintiff is seeking his immediate or speedier release from confinement. However, Philway also seeks to be compensated for the time he has spent in prison. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983.

---

Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Cronic, 466 U.S. 648, 654 (1984) (holding that if a defendant has no representation of any kind, his conviction is per se invalid).

7

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Here, Philway appears to be asserting that his conviction should be invalidated based on his counsel's ineffective representation during his state criminal proceedings. Thus, this action for damages under § 1983 would be precluded by Heck until Philway's conviction actually has been invalidated pursuant to either state court review or federal habeas review.

Therefore, because defendant was not acting under color of state law in representing plaintiff during his state court criminal proceedings, and because any claims of ineffective

assistance of counsel as apparently alleged must be asserted in a federal habeas petition after Philway has exhausted his state court remedies, the Complaint asserting liability under § 1983 should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V. CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.

_____
KATHARINE S. HAYDEN
United States District Judge

Dated: September 20, 2006